UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:24-CR-49-GFVT

UNITED STATES OF AMERICA            PLAINTIFF

V.       **PLEA AGREEMENT**

ANDERSON L. GEORGE, JR.            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole Count of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute 10 grams or more of fluorofentanyl, a Schedule I controlled substance.

2. The essential elements of the sole Count of the Indictment are:

   (a) That the Defendant, knowingly and intentionally possessed 10 grams or more of a mixture or substance containing fluorofentanyl, a Schedule I controlled substance; and

   (b) That Defendant intended to distribute the controlled substance to another person.

3. As to the sole count of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

   (a) Detectives with the Lexington Police Department were familiar with an individual by the name of Anderson George in reference to a drug investigation.

1

During the investigation a tracker warrant was obtained for George's vehicle. arrest.

(b) On November 28, 2023, law enforcement believed George would be traveling back from Detroit and most likely would be in possession of narcotics. Officers were able to identify George's vehicle and conducted a traffic stop. Officers detected a strong smell of marijuana in the vehicle. George was arrested on his outstanding warrant and a search of his vehicle was conducted. While searching under the hood of the vehicle, detectives observed that a screw was missing from the air filter box and the other screws had markings consistent with tampering with the screws. Inside the air filter box, officers located 1 vacuum sealed bag containing 120g of suspected fentanyl and 2 other bags that appeared to be cutting agents.

(c) The seized bags were submitted to the forensic services unit for fingerprint examination. FSU detectives were able to lift a latent print from one of the bags. The print was identified as that belonging to Anderson George.

(d) The substances seized were submitted to the Kentucky State Police laboratory for testing and one bag was found to contain 99.8 grams of a fluorofentanyl and fentanyl mixture. The other 2 bags were found to contain no controlled substances.

(e) The defendant agrees that he possessed the controlled substances and that he possessed them with intent to distribute to another.

4. The enhanced statutory punishment for Count 1 is imprisonment for not less than 10 years and not more than life, a fine of not more than $8,000,000, and a term of supervised release of at least 8 years. The Defendant is subject to the enhanced statutory penalty because he has at least one prior final serious drug felony conviction as set forth in 21 U.S.C. § 851 Notice filed by the United States. (DE 12)

5. The Defendant acknowledges, agrees, and waives any further notice pursuant to 21 U.S.C. § 851, and stipulates that he has previously been convicted of Trafficking in

a Controlled Substance First Degree, by final judgment of the Rowan Circuit Court, case number 18-CR-2, in August 2018, for which he served more than 12 months imprisonment and his release was within 15 years of the commencement of the instant offense.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

    (a) United States Sentencing Guidelines (U.S.S.G.), in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all provided discovery materials.

    (c) Pursuant to U.S.S.G. § 2D1.1(a)(6), the base offense level is 28 because the amount of fentanyl analogue was at least 70 grams but less than 100 grams.

    (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. The Defendant reserves the right to challenge any application of U.S.S.G. § 4B1.1.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

3

10. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before

4

transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

|  |  | PAUL C. McCAFFREY<br>FIRST ASSISTANT<br>UNITED STATES ATTORNEY |
|---|---|---|
| Date: Jan. 8, 2026 | By: | *[signature]*<br>Cynthia T. Rieker<br>Assistant United States Attorney |
| Date: 1-8-26 |  | *[signature]*<br>Anderson L. George, Jr.<br>Defendant |
| Date: 1-8-26 |  | *[signature]*<br>Hon. Pamela Perlman<br>Attorney for Defendant |

7